UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

**HECHAVARRIA, ADONIS,**

        Debtor.

Case No. 11-33055-AJC

Chapter 7

_____/

TRUSTEE DILLWORTH'S MOTION TO APPROVE
STIPULATION FOR PURCHASE OF NON-EXEMPT ASSETS BY DEBTOR

> **Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an Order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

DREW M. DILLWORTH ("**Trustee Dillworth**"), the duly appointed, qualified, and acting Chapter 7 Trustee for the above-styled bankruptcy estate of Adonis Hechavarria (**"Debtor"**), pursuant to 11 U.S.C. § 105, Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, respectfully requests the Court to enter an order approving the stipulation for the Debtor's purchase of non-exempt assets from the estate.

1. The Debtor filed this bankruptcy case on August 18, 2010.

2. The non-exempt assets in this case were the Debtor's ownership interest in the 2006 Ford Escape and interest in the 2011 Tax Refund (the **"Vehicle"** and the **"Refund"**).

3. The Debtor agreed to pay Trustee Dillworth, for the benefit of creditors, the sum of $4,000 for the non-exempt interest in the Vehicle and the 2011 Tax Refund upon receipt as outlined in the attached settlement confirmation of counsel.

4.      Trustee Dillworth believes that the proposed settlement is fair and reasonable and int the best interests of creditors and parties in interest. The law generally favors compromise of disputes over litigation for litigation sake. *See In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Moreover, the settlement of time-consuming and burdensome litigation is encouraged, especially in bankruptcy cases. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. V. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1(1968); *In re Penn Central Transportation Co.*, 596 F.2d 1102 (3d Cir. 1979). The bankruptcy court has broad discretion to approve a compromise, and settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016; *see also In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

5.      Trustee Dillworth respectfully submits that the proposed settlement is fair and reasonable, represents a benefit to the Debtor's estate and creditors, and reflects prudent judgment.

**WHEREFORE,** Trustee Dillworth respectfully requests this Court to enter an Order (a) granting this Motion; (b) approving the settlement outlined herein; (c) authorizing and directing the parties to execute any and all documents and perform such acts as are necessary and appropriate to effectuate the settlement; and (d) granting such other relief as the Court may deem proper.

Respectfully submitted,

/s/ Drew M. Dillworth
Drew M. Dillworth, Trustee
150 West Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Ddillworth@stearnsweaver.com

## CERTIFICATE OF SERVICE

I CERTIFY that on October 18, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and the foregoing document is being served this day by (i) transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and (ii) by U.S. Mail to those parties as indicated on the attached service list.

/s/ Drew M. Dillworth
Drew M. Dillworth, Trustee
150 West Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Ddillworth@stearnsweaver.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 11-33055-AJC<br>Southern District of Florida<br>Miami<br>Tue Oct 18 11:21:15 EDT 2011 | Bank of America, N.A.<br>P.O. Box 25018<br>Tampa, FL 33622-5018 | AT&T<br>P.O. BOX 15922<br>Columbus, OH 43215-0922 |
| Bank of America<br>POB 941633<br>Simi Valley, CA 93094-1633 | GSF Investment Company<br>8319 Grand Canal Drive<br>Miami, FL 33144-3539 | Miami Dade County Tax Collectors<br>140 West Flagler Street<br>14th Floor<br>Miami, FL 33130-1519 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Adonis Hechavarria<br>551 NW 60 Avenue<br>Miami, FL 33126-3145 | Drew M Dillworth<br>2200 Museum Tower<br>150 West Flagler St<br>Miami, FL 33130-1536 |
| Robert Sanchez Esq.<br>900 W 49 St #500<br>Hialeah, FL 33012-3488 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients      9
Bypassed recipients      1
Total                   10


EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                        Case No.: _11-33055-AJC_
                                              Chapter 7

_Adonis Hechavarria_

    Debtor(s).
_____/

## STIPULATION FOR THE PURCHASE
## OF THE DEBTOR(S) NON-EXEMPT ASSET(S)

Drew M. Dillworth, Trustee and _Adonis Hechavarria_ ("Debtor(s)") hereby stipulate to the Purchase of the Non-Exempt Asset(s) disclosed in the bankruptcy schedules on this case and more specifically identified below as follows:

1. On _August 18_, 2011, Debtor(s) filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, Trustee Dillworth was appointed as the Chapter 7 Trustee.

2. Trustee Dillworth and Debtor(s) enter into this agreement for the purchase of the estate's right, title, and interest in the Debtor(s) non-exempt interest in the following property:

_2006 Ford Escape_
_(And any other issue S.A. 2011 Tax Refund)_

all being referred to below as the "Non-Exempt Asset(s)".

3. As consideration for the Non-Exempt Asst(s), the Debtor(s) agree(s) to pay to Trustee Dillworth, in the form of a money order or a cashier's check made payable to "Drew M. Dillworth, Trustee, for the benefit of the Estate" the total sum of _$4,000_

as follows:

$200.00 per month starting 11/15/11 plus turnover of 2011 Tax Refund which will be applied to $4,000.00

4. In the event of a default, Trustee Dillworth will notify counsel to Debtor(s) of said default by facsimile transmission, U.S. Mail or Electronic Mail. If said default is not cured within ten (10) days of the notice of default, Trustee Dillworth may proceed as set forth in Paragraph 5 of this Stipulation.

5. In the event the Debtors fail to make the aforesaid payments on a timely basis, Trustee Dillworth shall be entitled to a revocation of Debtor(s) discharge by contested motion pursuant to Rule 9024, Fed. R. Bank. P., and Debtor(s) waive the requirement of an adversary proceeding for such matter.

6. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, modified or supplemented except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

---

Drew M. Dillworth, Bankruptcy Trustee  
Florida Bar No. 0167835  
Museum Tower, Suite 2200  
150 West Flagler Street  
Miami, Florida 33130  
Telephone: (305) 789-3598  
Facsimile: (305) 789-3395  

Debtor

Debtor

Attorney for Debtor(s)

2



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                               Case No.: 11-33055-BKC-AJC

HECHAVARRIA, ADONIS,                                 Chapter 7

    Debtor.
_____/

ORDER APPROVING STIPULATION FOR THE
PURCHASE OF THE DEBTOR'S NON-EXEMPT ASSET(S)

THIS CAUSE came before the Court on Drew M. Dillworth, Trustee's Motion (ECF ___ ) to Approve Stipulation for the Purchase of the Debtors Non-Exempt Assets (the "Motion") and the Trustee Dillworth's Certificate of No Response to the Motion. The Court having reviewed the Motion, finding that the Stipulation for the purchase of the debtors non-exempt asset is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, does -

ORDER and ADJUDGE that the Motion is Granted and the Stipulation attached to the Motion is approved in all respects.

###

Submitted by/Copy to:
Drew M. Dillworth, Trustee
(Trustee Dillworth shall serve copies of this order on all interested parties and file a certificate of service.)

@PFDesktop\::ODMA/MHODMA/DMS;ACTIVE;1270946;1